# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CASTRO | ) | |
| | ) | |
| Plaintiff, | ) | No. 22-cv-02176 |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | PARTIAL MOTION TO DISMISS |
| Defendant. | ) | |

## FEDERAL ELECTION COMMISSION'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

Lisa J. Stevenson
(D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

October 31, 2022

Jacob Siler (D.C. Bar No. 1003383)
Assistant General Counsel
jsiler@fec.gov

Shaina Ward (D.C. Bar No. 1002801)
Attorney
sward@fec.gov

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463
(202) 694-1650

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

I.      BACKGROUND ..........................................................................................2

      A.    THE FEC AND FECA'S ADMINISTRATIVE
           ENFORCEMENT PROCESS.............................................................2

      B.    AGENCY PROCEEDINGS RELATED
           TO PLAINTIFF'S ALLEGED ADMINISTRATIVE COMPLAINT.............5

II.     ARGUMENT ...............................................................................................8

      A.    STANDARD OF REVIEW .............................................................8

      B.    PLAINTIFF'S DISQUALIFICATION CLAUSE CLAIM
           SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1)
           AND RULE 12(b)(6) ....................................................................10

           1.    Plaintiff Cannot Establish Standing on his Disqualification
                Clause Claim Because it is not Traceable to or Redressable
                by the Commission ...........................................................10

           2.    Plaintiff Cannot State a Claim for Relief Under the
                Qualifications Clause .........................................................13

      C.    PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER
           THE APA ...................................................................................13

III.    CONCLUSION .........................................................................................15

## TABLE OF AUTHORITIES

*Abdelfattah v. U.S. Dep't of Homeland Sec.*,
   787 F.3d 524 (D.C. Cir. 2015) ................................................................. 10

*Arpaio v. Obama*, 797 F.3d 11 (D.C. Cir. 2015) ........................................ 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................... 9

*Attias v. Carefirst, Inc.*, 865 F.3d 620 (D.C. Cir. 2017) ............................ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...................................... 9

*Berg v. Obama*, 574 F. Supp. 2d 509 (E.D. Pa. 2008) ............................... 12

*Bowen v. Massachusetts*, 487 U.S. 879 (1988) .......................................... 14

*Chatman v. U.S. Dep't of Def.*, 270 F. Supp. 3d 184 (D.D.C. 2017) ............. 9

*Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*,
   846 F.3d 1235 (D.C. Cir. 2017) ............................................................. 14

*Citizens for Resp. & Ethics in Wash. v. FEC*,
   164 F. Supp. 3d 113 (D.D.C. 2015) ....................................................... 15

*Citizens for Resp. & Ethics in Wash. v. FEC*,
   243 F. Supp. 3d 91 (D.D.C. 2017) ......................................................... 15

*Citizens for Resp. & Ethics in Wash. v. FEC*,
   363 F. Supp. 3d 33 (D.D.C. 2018) ......................................................... 15

*Davis v. FEC*, 554 U.S. 724 (2008) ............................................................ 9

*FEC v. Akins*, 524 U.S. 11 (1998) .............................................................. 6

*Haase v. Sessions*, 835 F.2d 902 (D.C. Cir. 1987) ..................................... 8

*Jerome Stevens Pharms., Inc. v. FDA*,
   402 F.3d 1249 (D.C. Cir. 2005) ............................................................. 8

*Long Term Care Pharmacy All. v. Leavitt*,
   530 F. Supp. 2d 173 (D.D.C. 2008) ....................................................... 11

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) ......................................... 8

*M.J. v. District of Columbia*, 401 F. Supp. 3d 1 (D.D.C. 2019) .................. 8

*Nat'l Black Police Ass'n v. District of Columbia*,
  108 F.3d 346 (D.C. Cir. 1997) ........................................................................ 13

*Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*,
  170 F. Supp. 3d 6 (D.D.C. 2016) ...................................................................... 13

*Penkoski v. Bowser*, 548 F. Supp. 3d 12 (D.D.C. 2021) ............................................ 10

*Perot v. FEC*, 97 F.3d 553 (D.C. Cir. 1996) ............................................................. 14

*Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122 (D.C. Cir. 2012) .............................. 9

*Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26 (1976) ........................................... 9

*Teton Hist. Aviation Found. v. U.S. Dep't of Def.*,
  785 F.3d 719 (D.C. Cir. 2015) ........................................................................ 11

*Warth v. Seldin*, 422 U.S. 490 (1975) ..................................................................... 11

**Statutes**

5 U.S.C. § 704 ............................................................................................. 14, 15

5 U.S.C. § 706 ............................................................................................... 8, 13

52 U.S.C. §§ 30101-30126 ................................................................................. 11

52 U.S.C. § 30101(2) .................................................................................. 6, 7, 12

52 U.S.C. § 30101(2)(A) ...................................................................................... 6

52 U.S.C. § 30101(2)(B) ...................................................................................... 6

52 U.S.C. § 30101(8) ......................................................................................... 6

52 U.S.C. § 30101(8)(A)(i) ................................................................................... 6

52 U.S.C. § 30101(9) ......................................................................................... 6

52 U.S.C. §  30101(9)(A)(i) .................................................................................. 6

52 U.S.C. § 30102(e)(1) ...................................................................................... 7

52 U.S.C. § 30104(a)(3) ...................................................................................... 7

52 U.S.C. § 30106 ................................................................................................ 2

52 U.S.C. § 30106(c) ........................................................................................ 3, 4

52 U.S.C. § 30107 ................................................................................................ 2

52 U.S.C. § 30109 ................................................................................................ 8

52 U.S.C. § 30109(a)(2) ...................................................................................... 3

52 U.S.C. § 30109(a)(6)(A) ................................................................................ 4

52 U.S.C. § 30109(a)(8) ......................................................................... 1, 14, 15

52 U.S.C. § 30109(a)(8)(A) ...................................................................... 4, 7, 14, 15

52 U.S.C. § 30109(a)(8)(C) ................................................................................ 5

52 U.S.C. § 30109(a)(12)(A) .............................................................................. 4

52 U.S.C. § 30109(a)(12)(B) .............................................................................. 4

**Rules and Regulations**

11 C.F.R. § 100.72(a) ......................................................................................... 6

11 C.F.R. § 100.72(b) ....................................................................................... 12

11 C.F.R. § 100.72(b)(5) ................................................................................... 12

11 C.F.R. § 100.131(b)(5) ................................................................................. 12

11 C.F.R. § 111.4 ................................................................................................ 3

11 C.F.R. § 111.21 .............................................................................................. 4

Fed. R. Civ. P. 12(b)(1) ...................................................................... 2, 8, 10, 13

Fed. R. Civ. P. 12(b)(6) ...................................................................... 2, 9, 10, 13

**Miscellaneous**

U.S. Const. amend. XIV, § 3 ................................................................................................ 7

Payments Received for Testing the Waters Activities,
    50 Fed. Reg. 9992 (Mar. 13, 1985) ............................................................................... 6

## INTRODUCTION

Plaintiff John A. Castro has filed his Complaint for Declaratory and Injunctive Relief

("Compl.") (Docket No. 1) pursuant to the judicial review provision of the Federal Election

Campaign Act ("FECA"), 52 U.S.C. § 30109(a)(8), and also purportedly under the

Administrative Procedure Act ("APA"), alleging that the Federal Election Commission

("Commission" or "FEC") has unlawfully failed to act on an administrative complaint.

Plaintiff's primary claim rests on his allegation that he filed an administrative complaint with the

Commission accusing former president Donald J. Trump of violating FECA by accepting

contributions and making expenditures to advance his 2024 presidential campaign without filing

a statement of candidacy with the FEC or disclosing those expenditures, and that the

Commission has not yet acted on that administrative complaint.  Although the Commission will

dispute that it has acted contrary to law in its processing of any such administrative complaint,

this motion does not address that claim to the extent it arises under FECA.

Rather, this motion seeks to dismiss plaintiff's contingent claim that, assuming Trump

meets FECA's definition of "'candidate[,]'" the Commission must conclude that Trump is

constitutionally disqualified from holding Federal office because of what plaintiff describes as

"Trump's involvement in the January 6, 2021, insurrectionary attack on the United States

Capitol." (Compl. ¶ 3.)  According to plaintiff, the Commission must reject any candidacy

filings pursuant to Section 3 of the Fourteenth Amendment to the Constitution, also known as the

"Disqualification Clause," because Trump has engaged in insurrection.

Neither the Constitution nor Congress has empowered the Commission to be the arbiter

of insurrection.  Plaintiff's Disqualification Clause claim should therefore be dismissed on either

of two independent grounds.  First, plaintiff fails to establish Article III standing to pursue this

claim because he has not established that any injury he allegedly faces is fairly traceable to any act of the Commission and no order of this Court could compel the Commission to take an act outside the scope of its jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Second, plaintiff's Disqualification Clause allegations fail to state a claim upon which relief can be granted because there is no plausible connection between plaintiff's alleged harm and the Commission's alleged conduct.  *See* Fed. R. Civ. P. 12(b)(6).  The Commission has no authority to determine a candidate's eligibility for office, nor does it have jurisdiction to determine whether a person has "engaged in insurrection" under the Fourteenth Amendment.

Additionally, to the extent plaintiff seeks to challenge the Commission's alleged failure to act on an administrative complaint under the APA, this portion of plaintiff's Complaint is precluded because the judicial review provision of FECA is the exclusive means of challenging the FEC's handling of administrative enforcement matters.  As a result, plaintiff's allegations of the Commission's alleged failure to act under the APA should be dismissed as well.

I.      BACKGROUND

    A.      THE FEC AND FECA'S ADMINISTRATIVE ENFORCEMENT PROCESS

The FEC is a six-member, independent agency of the United States government with "exclusive jurisdiction" to administer, interpret, and civilly enforce FECA.  *See generally* 52 U.S.C. §§ 30106, 30107.  Congress authorized the Commission to "formulate policy" with respect to FECA, *id.* § 30106(b)(1); "to make, amend, and repeal such rules . . . as are necessary to carry out the provisions of [FECA]," *id.* §§ 30107(a)(8), 30111(a)(8); and to investigate possible violations of the Act, *id.* § 30109(a)(1)-(2).  The Commission has exclusive jurisdiction

to initiate civil enforcement actions for violations of the Act in the United States district courts. *Id.* §§ 30106(b)(1), 30109(a)(6).

FECA provides that decisions of the Commission "with respect to the exercise of its duties and powers under the provisions of th[e] Act shall be made by a majority vote of the members of the Commission," and that certain specified actions require "the affirmative vote of 4 members of the Commission." 52 U.S.C. § 30106(c). As explained in greater detail below, the decision to open an investigation or take other statutory steps in the process of enforcing against an alleged violation of FECA thus requires the assent of at least four Commissioners. *Id.* § 30107(a)(6), (9). When pursuit of an alleged violation is not supported by four or more votes of the agency's six Commissioners, the statute precludes the opening of an investigation or advancement of the enforcement process.

FECA permits any person to file an administrative complaint with the Commission alleging a violation of the Act. *Id.* § 30109(a)(1); *see also* 11 C.F.R. § 111.4. After reviewing the complaint and any response filed by the respondent, the Commission considers whether there is "reason to believe" that FECA has been violated. 52 U.S.C. § 30109(a)(2). If at least four of the FEC's six Commissioners vote to find such reason to believe, the Commission may investigate the alleged violation; otherwise, the Commission dismisses the administrative complaint. *Id.* §§ 30106(c), 30109(a)(2).

If the Commission votes to proceed with an investigation, it then must determine whether there is "probable cause" to believe that FECA has been violated. *Id.* § 30109(a)(4)(A)(i). Like a reason-to-believe determination, a determination to find probable cause to believe that a violation of FECA has occurred requires an affirmative vote of at least four Commissioners. *Id.* §§ 30106(c), 30109(a)(4)(A)(i). If the Commission so votes, it is statutorily required to attempt

to remedy the violation informally and attempt to reach a conciliation agreement with the respondent.  *Id.*  Entering into a conciliation agreement requires an affirmative vote of at least four Commissioners and such an agreement, unless violated, operates as a bar to any further action by the Commission related to the violation underlying that agreement.  *Id.*  If the Commission is unable to reach a conciliation agreement, FECA authorizes the agency to institute a *de novo* civil enforcement action in federal district court.  *Id.* § 30109(a)(6)(A).  The institution of a civil action under section 30109(a)(6)(A) requires an affirmative vote of at least four Commissioners.  *Id.* § 30106(c).

FEC administrative enforcement matters are required by FECA to be kept confidential until the administrative process is complete.  52 U.S.C. § 30109(a)(12)(A) ("Any notification or investigation made under this section shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."); 11 C.F.R. § 111.21.  FECA further provides for the imposition of a fine on "[a]ny member or employee of the Commission, or any other person, who violates" 52 U.S.C. § 30109(a)(12)(B).

If, at any point in the administrative process, the Commission determines that no violation has occurred or decides to dismiss the administrative complaint for some other reason, FECA provides the complainant with a narrow cause of action for judicial review of the Commission's dismissal decision.  *See id.* § 30109(a)(8)(A) (detailing the procedure for seeking judicial review of an administrative dismissal and the scope of such review).  That statutory provision also allows a party who has filed an administrative complaint with the Commission to

bring a civil action in this District alleging that the Commission has "fail[ed] to act" on its complaint within 120 days.  *Id*. § 30109(a)(8)(A).

FECA expressly limits the scope of relief available to a plaintiff challenging an FEC dismissal decision or alleging that the Commission has failed to act on an administrative complaint.  The reviewing court may only (a) declare that the Commission's failure to act or dismissal was "contrary to law" and (b) order the Commission to "conform with" the court's declaration within 30 days.  52 U.S.C. § 30109(a)(8)(C).

### B.    AGENCY PROCEEDINGS RELATED TO PLAINTIFF'S ALLEGED ADMINISTRATIVE COMPLAINT

Plaintiff alleges that he is a Republican primary presidential candidate for the 2024 presidential election.  (Compl. ¶ 8.)  Plaintiff, although proceeding *pro se*, obtained a *juris doctor* degree from University of New Mexico Law School and a *legum magister* degree in International Taxation from the Georgetown University Law Center and publicizes his practice as a federal tax lawyer.  *See* Castro & Co. | John Anthony Castro, J.D., LL.M (castroandco.com), https://www.castroandco.com/staff-profiles/john-anthony-castro-j-d-ll-m/; *see also* About | John Anthony Castro for America (johncastro.com), https://johncastro.com/about.

Plaintiff alleges that he filed his administrative complaint with the FEC on March 23, 2022.  (Compl. ¶ 11.)  According to his court complaint, plaintiff's administrative complaint alleged that Trump meets the definition of a "candidate" under FECA and is therefore subject to FECA's organizational and reporting requirements, as well as its source and amount limitations on contributions.  (*Id.* ¶ 11.)

FECA defines the term "candidate" to mean "an individual who seeks nomination for election, or election, to Federal office."  52 U.S.C. § 30101(2).  An individual is "deemed to seek nomination for election, or election" if they receive "contributions" or make "expenditures"

aggregating in excess of $5,000, or if the individual has "given his or her consent to another person" to do so on his or her behalf.  *Id.* § 30101(2)(A)-(B).

"Contribution" and "expenditure" are defined terms of art.  *See* 52 U.S.C. § 30101(8), (9).  Those terms cover only those receipts and disbursements that are made "for the purpose of influencing any election for Federal office."  *Id.* § 30101(8)(A)(i), (9)(A)(i); *see also FEC v. Akins*, 524 U.S. 11, 15 (1998).  Since nearly its inception, the Commission has concluded that funds raised and spent solely to determine whether to become a candidate are not for the purpose of influencing an election and are therefore outside the statutory definition of contribution and expenditure, unless that person subsequently becomes a candidate.  *See* 11 C.F.R. § 100.72(a). *See also* Federal Election Regulations, H.R. Doc. No. 95-44, 40 (1977), *available at* https://www.fec.gov/resources/cms-content/documents/95-44.pdf (explaining regulatory exception from definition of "contribution" for "[p]ayments for the purpose of determining whether and individual should become a candidate if the individual does not subsequently become a candidate"); Payments Received for Testing the Waters Activities, 50 Fed. Reg. 9992, 9993 (Mar. 13, 1985) (explaining amendments to longstanding testing-the-waters regulation). "Funds received solely for the purpose of determining whether an individual should become a candidate are not contributions."  11 C.F.R. § 100.72(a).  But, if "the individual subsequently becomes a candidate, the funds received are contributions subject to the reporting requirements of the Act."  *Id.*  Similarly, "[o]nly funds permissible under [FECA] may be used for [testing the waters] activity."  *Id.*  Therefore, an individual considering whether to become a candidate may not receive contributions in excess of the dollar limit or from impermissible sources, and all such contributions will eventually be reported if the individual does decide to become a candidate.

Plaintiff's court complaint alleges that Trump "raised" and "expended" funds in excess of $5,000 to promote his candidacy in the 2024 presidential election, and the Commission must therefore must "declare [Trump] a candidate who must . . . fully comply with federal and state campaign finance laws." Compl. ¶ 11; *see also* 52 U.S.C. §§ 30101(2), 30102(e)(1), 30104(a)(3). Plaintiff also asserts that the Commission's regulation exempting funds raised to "'test[] the waters'" of federal candidacy from the definition of a contribution cannot prevent Trump from meeting the statutory thresholds because it is invalid. (*See* Compl. ¶¶ 23-30.)

Plaintiff further asserts that, after ordering the Commission to declare Trump a candidate, "this Court must enjoin the Commission from accepting" Trump's candidacy filings because his alleged actions related to the January 6, 2021 attack on the United States Capitol disqualify him from holding the office of the presidency under Section 3 of the Fourteenth Amendment to the United States Constitution. (*Id.* ¶ 31, *see also id.* ¶¶ 85-88).[1]

On July 25, 2022, just over 120 days after plaintiff allegedly filed his administrative complaint, plaintiff filed this judicial action against the Commission alleging that the Commission has failed to act on his administrative complaint. (*Id.* ¶ 12.) Plaintiff seeks a declaration that, "contrary to law," the Commission has "failed to act within the prescribed 120-day period" under 52 U.S.C. § 30109(a)(8)(A) & (C). (*See id.* ¶ 12.) Plaintiff asserts a cause of action "under the Federal Election Campaign Act . . ., 52 U.S.C. § 30109, and the Administrative

---

[1]     Section 3 of the Fourteenth Amendment states, "[n]o person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof." U.S. Const. amend. XIV, § 3.

Procedure Act . . ., 5 U.S.C. § 706, for unlawful agency delay against the Commission."

(Compl. ¶ 2.).[2]

## II.   ARGUMENT

### A.   STANDARD OF REVIEW

A plaintiff bears the burden of demonstrating that it has properly invoked this Court's

subject-matter jurisdiction.  *See Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).  A motion

to dismiss for lack of standing is properly considered under Rule 12(b)(1), as lack of standing is

a "defect in subject matter jurisdiction."  *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987);

*M.J. v. District of Columbia*, 401 F. Supp. 3d 1, 7-8 (D.D.C. 2019).  When deciding a motion

under Rule 12(b)(1), a court must accept all well-pleaded factual allegations in the complaint as

true.  *See Jerome Stevens Pharms., Inc. v. FDA.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).  As the

party bringing suit, Mr. Castro bears the burden of establishing standing.  *Attias v. Carefirst, Inc.*,

865 F.3d 620, 625 (D.C. Cir. 2017).

To have Article III standing a plaintiff must establish: (1) it has "suffered an 'injury in

fact[,]" which the Supreme Court defines as "an invasion of a legally protected interest which is

(a) concrete and particularized, and (b) actual or imminent, not [merely] conjectural or

hypothetical," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and

quotation marks omitted); (2) that there is a "causal connection between the injury and the

conduct complained of[,]" which requires the injury to be "fairly traceable to the challenged

---

[2]     This is plaintiff's second judicial action pursuing this theory of agency delay.  Plaintiff
originally filed suit in this Court on February 11, 2022, in which he challenged the
Commission's alleged failure to act on an administrative complaint he purportedly mailed to the
FEC in October 2021.  *See Castro v. FEC*, 1:22-cv-00369-CRC.  However, plaintiff voluntarily
dismissed that action after Commission counsel notified plaintiff that the Commission had never
received this administrative complaint and therefore could not act on it.  *See* Pl's Mot. to Dismiss
Without Prejudice, 1:22-cv-00369-CRC, (Docket No. 3).  Castro then allegedly filed the instant
administrative complaint with the Commission on March 23, 2022.  (*See* Compl. ¶ 11.)

action of the defendant, and not the result of the independent action of some third party not before the court," *id.* (internal quotation marks and alterations omitted); and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* at 561 (internal quotation marks omitted).  These three components of the Article III "case or controversy" requirement are designed to ensure that the "plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal court jurisdiction and to justify [the] exercise of the court's remedial powers on his behalf." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976) (internal quotation marks omitted).  Moreover, "standing is not dispensed in gross" and "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. FEC*, 554 U.S. 724, 734 (2008) (internal quotation marks and alterations omitted).

Dismissal of a complaint is appropriate pursuant to Rule 12(b)(6) where, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in a plaintiff's favor, the complaint fails as a matter of law to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 129 (D.C. Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim must be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp.*, 550 U.S. at 558.  Though the Court "must liberally construe the complaint in favor of the plaintiff and must grant the plaintiff 'the benefit of all inferences that can be derived from the facts alleged,' . . . a court need not 'accept as true a legal conclusion couched as a factual allegation.'" *Chatman v. U.S. Dep't of Def.*, 270 F. Supp. 3d 184, 188 (D.D.C. 2017) (quoting *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 529 (D.C. Cir. 2015)).

Although courts generally subject the pleadings of a *pro se* plaintiff to "less stringent standards than formal pleadings drafted by lawyers," those "very liberal standards" should not apply here because the *pro se* plaintiff is an attorney. *Penkoski v. Bowser*, 548 F. Supp. 3d 12, 19-20 (D.D.C. 2021) (internal quotation marks and citations omitted).

### B.   PLAINTIFF'S DISQUALIFICATION CLAUSE CLAIM SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6)

After claiming that the Commission must declare Trump a candidate in the 2024 presidential election, Castro asserts that this Court must enjoin the Commission from accepting Trump's statement of candidacy because he is ineligible pursuant to the Disqualification Clause of the Fourteenth Amendment.  The Commission, however, has no authority to declare that an individual has "engaged in insurrection or rebellion" against the United States or its Constitution or otherwise evaluate a prospective candidate's eligibility for federal office.  Castro's complaint should therefore be dismissed, either under Rule 12(b)(1) because his purported injury is not traceable to or redressable by the Commission or under Rule 12(b)(6) because he does not state a claim on which relief can be granted.

#### 1.   Plaintiff Cannot Establish Standing on his Disqualification Clause Claim Because it is not Traceable to or Redressable by the Commission

Assuming Trump meets FECA's definition of a candidate that must file with the Commission, plaintiff seeks a declaration that Trump is ineligible for the office of the presidency in 2024, as well as an injunction requiring the Commission to refuse to accept Trump's statement of candidacy because Trump "'engaged in' an insurrection and provided 'aid or comfort' to the insurrections that violently attacked the United States Capitol on January 6, 2021."  (*See* Compl. Relief Requested).  Plaintiff asserts that Trump's alleged actions render him "ineligible and unqualified to hold the office" of the presidency under the Disqualification Clause in Section 3 of

the Fourteenth Amendment to the U.S. Constitution.  (Compl. ¶ 72.)   Regardless of whether this claim has any merit, however, plaintiff cannot establish Article III standing on this claim because his alleged injuries cannot be traced to Commission actions or redressed by the Commission.

To establish traceability, a plaintiff must establish that the defendant's challenged actions caused the plaintiff's injury.  *See Lujan*, 504 U.S. at 560.  Redressability requires that a plaintiff demonstrate "a substantial likelihood that the requested relief will remedy the alleged injury in fact."  *Teton Hist. Aviation Found. v. U.S. Dep't of Def.*, 785 F.3d 719, 724 (D.C. Cir. 2015) (per curiam).  A "substantial likelihood" requires "more than the remote possibility . . . that [the plaintiff's] situation might . . . improve were the court to afford relief," *Warth v. Seldin*, 422 U.S. 490, 491 (1975).  The nature of any injunctive relief the Court can provide defines the scope of standing to pursue that relief, as a plaintiff "cannot establish standing by requesting relief that the Court lacks the authority to grant."  *Long Term Care Pharmacy All. v. Leavitt*, 530 F. Supp. 2d 173, 185 (D.D.C. 2008).

Here, no order this Court could direct to the Commission could redress plaintiff's purported injury because the Commission lacks jurisdiction over a candidate's constitutional eligibility.  FECA only regulates the *financing* of federal campaigns, that is, the organization of campaign committees; the raising, spending, and disclosing of campaign funds; and the receipt and use of public funding for qualifying candidates.  *See generally* 52 U.S.C. §§ 30101-30126.  Castro does not cite any FECA provision or other authority that would grant the Commission unilateral authority to disqualify a person from running for federal office.  Nor could he, because Congress has not granted the Commission the power to refuse to accept candidates' statements of candidacy on the basis that plaintiff has asserted.

11

Absent any authority in the Commission's authorizing statute, plaintiff instead relies on generalized arguments under the U.S. Constitution.  (*See* Compl. ¶¶ 36-64.)  But nothing in the Constitution suggests that any administrative agency, let alone the FEC, is the appropriate arbiter of the weighty subjects of treason and insurrection.  Plaintiff then cites two Commission regulations while alleging that "Mr. Trump's actions to obstruct the" House of Representative's investigation into "the January 6th Attack on the United States Capitol" are "'action[s] to qualify for the ballot under State law.'"  (*Id*. ¶ 72 (citing 11 C.F.R §§ 100.72(b)(5), 100.131(b)(5)).)  Yet, the regulations plaintiff references do not address the constitutional eligibility of a federal candidate or actions that would disqualify such a candidate.  Rather, those regulations establish that a person deciding whether to run for office does not become a candidate subject to FECA's organizational and reporting requirements merely because they are "testing the waters" to determine electoral viability.  11 C.F.R. §§ 100.72(b), 100.131(b)(5); *see also* 52 U.S.C. § 30101(2) (defining term "candidate" to mean "an individual who seeks nomination for election, or election, to Federal office.").  Those regulations do not grant authority for the Commission to disqualify a prospective candidate.

The Commission's lack of jurisdiction over disqualification claims means that there is no remedy directed at the FEC this Court could grant that would provide the relief plaintiff seeks on this claim.  *See Berg v. Obama*, 574 F. Supp. 2d 509, 525 (E.D. Pa. 2008) (dismissing complaint against Commission for lack of standing where "[i]t seems clear that the Campaign Act does not address the sort of corruption that Plaintiff alleges in his Complaint"), *aff'd*, 586 F.3d 234 (3d Cir. 2009); *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 170 F. Supp. 3d 6, 16 (D.D.C. 2016) ("The disconnect between the relief sought and the harm stated therefore precludes finding the requisite redressability."); *see also Nat'l Black Police Ass'n v. District of Columbia*, 108 F.3d

346, 349 (D.C. Cir. 1997) ("[A] federal court has no power to render advisory opinions or decide questions that cannot affect the rights of litigants in the case before them." (internal quotation marks and alterations omitted)).  If plaintiff wants to raise a challenge to Trump's constitutional eligibility to be president, his claim would need to lie against an appropriate entity involved with those matters, not the FEC.

**2.      Plaintiff Cannot State a Claim for Relief Under the Qualifications Clause**

Plaintiff's failure to establish standing requires dismissal of his Disqualification Clause claim pursuant to Rule 12(b)(1).  As neither FECA nor, as described below, the APA provide authority to enjoin the Commission from accepting a candidate's filings because he is disqualified from office, plaintiff's claim could also be dismissed under Rule 12(b)(6).  Although the Commission determines whether certain presidential candidates are eligible for public funding, it has no power to determine who qualifies for ballot access or who is eligible to serve as president.  Thus, because the Commission has no authority to take action against Trump as requested by plaintiff, plaintiff cannot state a claim for relief and this claim must be dismissed.

**C.      PLAINTIFF IS NOT ENTITLED TO RELIEF UNDER THE APA**

Plaintiff alleges that this action is pursuant to FECA and the "Administrative Procedure Act . . . 5 U.S.C. § 706, for unlawful agency delay against the Commission."  (Compl. ¶ 2.)  The APA, however, provides no cause of action for unlawful delay in the context of an FEC enforcement action because FECA provides an adequate legal remedy.  Thus, plaintiff's unlawful delay claim should be dismissed under Rule 12(b)(6) for failure to state a claim to the extent it relies on the APA.

Judicial review of agency action under the APA is available only where "made reviewable by statute" and where there is "no other adequate remedy" for final agency action.  5

13

U.S.C. § 704.  "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  Thus, the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."  *Id.* (internal quotation marks omitted); *see Citizens for Resp. & Ethics in Wash. v. Dep't of Justice*, 846 F.3d 1235, 1244-45 (D.C. Cir. 2017) (same).

In FECA, Congress created exactly that kind of exclusive procedure.  Under FECA, administrative complainants may seek judicial review only in two narrow circumstances.  When "aggrieved by an order of the Commission dismissing a complaint . . . or by a failure of the Commission to act on such complaint during the 120-day period beginning on the date the complaint is filed," a complainant "may file a petition with the United States District Court for the District of Columbia."  52 U.S.C. § 30109(a)(8)(A).  Because section (a)(8) provides an adequate mechanism for review of alleged Commission inaction, it supplants APA review.

Every court that has considered the nature of the judicial-review procedures in section 30109(a)(8) has found that those FECA procedures are exclusive.  In fact, the D.C. Circuit has confirmed that section 30109(a)(8) is "as specific a mandate as one can imagine" and accordingly concluded that "the procedures it sets forth — procedures purposely designed to ensure fairness not only to complainants but also to respondents — must be followed before a court may intervene."  *Perot v. FEC*, 97 F.3d 553, 559 (D.C. Cir. 1996) (per curiam); *see also Citizens for Resp. & Ethics in Wash. v. FEC*, 243 F. Supp. 3d 91, 104 (D.D.C. 2017) (FECA provides an adequate remedy so there is no parallel claim for relief under the APA).  Because FECA contains this explicit and detailed review provision, there is clearly an "adequate remedy" as described in the APA, 5 U.S.C. § 704, and plaintiff's challenges to the Commission's handling

14

of his administrative complaint are not permitted under the APA.  *See Citizens for Resp. & Ethics in Wash. v. FEC*, 164 F. Supp. 3d 113, 120 (D.D.C. 2015) (Section 30109(a)(8) "precludes review of FEC enforcement decisions under the APA."); *Citizens for Resp. & Ethics in Wash. v. FEC*, 363 F. Supp. 3d 33, 44 (D.D.C. 2018) ("for the same reasons that judicial review of the challenged enforcement actions is precluded by FECA, it is precluded under the APA: because the statute expressly limits review to the two circumstances identified in 52 U.S.C § 30109(a)(8)(A)").

## III.    CONCLUSION

For the foregoing reasons, the Court should grant the FEC's partial motion, and dismiss plaintiff's Disqualification Clause claim and plaintiff's claim under the Administrative Procedure Act.

Respectfully submitted,

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

October 31, 2022

Jacob Siler (D.C. Bar No. 1003383)
Assistant General Counsel
jsiler@fec.gov

/s/ *Shaina Ward*
Shaina Ward (D.C. Bar No. 1002801)
Attorney
sward@fec.gov

FEDERAL ELECTION COMMISSION
1050 First Street NE
Washington, DC 20463
(202) 694-1650