UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:   22-2176 (RC) |
| | : | |
| v. | : | Re Document Nos.:   14, 17 |
| | : | |
| FEDERAL ELECTION COMMISSION, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

**GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND/OR A PRELIMINARY INJUNCTION**

**I.  INTRODUCTION**

Plaintiff John Castro files this *pro se* action seeking declaratory and injunctive relief against the Federal Election Commission ("FEC" or "Commission") concerning Donald J. Trump's candidacy for President of the United States.  The Commission now moves to dismiss. For the reasons described below, the Court agrees with the FEC that Mr. Castro lacks standing to bring Count II, and accordingly denies Plaintiff's motion for a temporary restraining order ("TRO") and/or a preliminary injunction.  And because subsequent events have rendered Count I moot, the Court will also dismiss the Complaint in its entirety.

**II.  BACKGROUND**

Mr. Castro is a U.S. citizen and an FEC-registered 2024 Republican primary presidential candidate.  Compl. ¶ 8, ECF No. 1.  On March 23, 2022, he filed an administrative complaint with the FEC demanding, among other things, that the agency declare Mr. Trump a "candidate" within the meaning of the Federal Election Campaign Act ("FECA") based on Mr. Trump's alleged campaign spending and the FEC's campaign finance rules.  *Id.* ¶ 11.  The Commission

acknowledged the complaint the next day but did not act within its statutorily prescribed 120-day period. *Id.* ¶¶ 11–12. Pursuant to 52 U.S.C. § 30109(a)(8) and the Administrative Procedure Act, 5 U.S.C. § 706, Mr. Castro brought suit in this Court. *Id.* ¶¶ 2, 12. In his two-count complaint, Mr. Castro avers that the agency has unlawfully failed to: (1) require Mr. Trump to file a statement of candidacy, *id.* ¶¶ 79–83, and, supposing this occurs, (2) reject his statement of candidacy based on the Fourteenth Amendment's Disqualification Clause, *id.* ¶¶ 84–88. On November 15, 2022, Mr. Trump filed his statement of candidacy with the Commission, rendering Count I moot. *See* Donald J. Trump, FEC Form 2 (Nov. 15, 2022), https://docquery.fec.gov/cgi-bin/forms/P80001571/1661552/. The FEC seeks to dismiss Count II for lack of standing and failure to state a claim upon which relief can be granted. *See* Def.'s Mem. of P. & A. Supp. Partial Mot. Dismiss at 10–15, ECF No. 14-1. At the same time, Mr. Castro moves for a temporary restraining order, or in the alternative, a preliminary injunction, enjoining the agency from accepting Mr. Trump's statement of candidacy. *See* Pl.'s Mot. for TRO and/or Prelim. Inj. at 1, ECF No. 17. The motions are ripe for decision.

### III.  LEGAL STANDARD

When considering a motion to dismiss, courts accept all material factual allegations in the complaint as true and draw all reasonable inferences in plaintiffs' favor. *See Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Co.*, 642 F.3d 1137, 1139 (D.C. Cir. 2011). However, courts must address jurisdiction as a "threshold matter," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998), and "[t]he burden of establishing any jurisdictional facts to support the exercise of the subject matter jurisdiction rests on the plaintiff," *CFA Inst. v. Andre*, 74 F. Supp. 3d 462, 465 (D.D.C. 2014); *see also McBride v. Mnuchin*, No. 19-cv-60, 2019 WL 3323412, at *2 (D.D.C. July 24, 2019) ("Before addressing the merits of a case, a court must confirm that it has subject

matter jurisdiction."). Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), and therefore is "a necessary 'predicate to any exercise of [Article III courts'] jurisdiction,'" *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012) (quoting *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (en banc)). Accordingly, "[e]very plaintiff in federal court bears the burden of establishing the three elements that make up the 'irreducible constitutional minimum' of Article III standing: injury-in-fact, causation, and redressability." *Id.* at 1362. Standing is "not dispensed in gross"; rather, plaintiffs must show standing as to each claim. *Davis v. FEC*, 554 U.S. 724, 734 (2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996)).

## IV. ANALYSIS

The parties agree that Mr. Trump's filing of his statement of candidacy on November 15, 2022 moots Count I. *See* Pl.'s Mem. of P. & A. Supp. Mot. for TRO and/or Prelim. Inj. at 3, ECF No. 18; Def.'s Opp'n to TRO and/or Prelim. Inj. at 5, ECF No. 19. Count II, what remains, asks the Court to require the FEC to reject Mr. Trump's statement of candidacy on the basis that his alleged involvement in the events of January 6, 2021 at the U.S. Capitol bars him from running for President of the United States. Mr. Castro bases his theory on the Fourteenth Amendment's Disqualification Clause, which provides in full:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any state, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any state legislature, or as an executive or judicial officer of any state, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const., amend. XIV, § 3. The Court declines to reach the merits of Count II, however, because Mr. Castro fails to establish standing. Mr. Castro alleges that, as a result of the FEC's

3

acceptance of Mr. Trump's statement of candidacy, he suffers a competitive injury because he himself is competing in the 2024 Republican presidential primary and vying for the same support and donations as Mr. Trump.  Pl.'s Mem. P. & A. Opp'n Mot. to Dismiss at 16–17, ECF No. 15.  Assuming, without deciding, that Mr. Castro's theory of injury is viable, he nonetheless fails the traceability and redressability requirements of standing.

First, Mr. Castro's alleged injury—having to compete with Mr. Trump—is not traceable to the Commission.  Traceability requires "a causal connection between the injury and the conduct complained of."  *Lujan*, 504 U.S. at 560; *accord Kimelman v. Garland*, 588 F. Supp. 3d 84, 87 (D.D.C. 2022).  According to Mr. Castro, by accepting Mr. Trump's statement of candidacy, FEC Form 2, the Commission has confirmed Mr. Trump's eligibility to run for President, thereby creating competitive harm for Mr. Castro.  But this erroneous idea—upon which Mr. Castro's entire case turns—is completely lacking in support.  The FEC explains that it possesses "no authority" to "evaluate a prospective candidate's eligibility for federal office."  Def.'s Mem. of P. & A. Supp. Partial Mot. Dismiss at 10.  It represents that, under the FECA, Congress only gave the agency power to regulate federal campaign finance—that is, among other things, "the raising, spending, and disclosing of campaign funds"—and not to determine who is constitutionally eligible to run for office.  *Id.* at 11; *see generally* 52 U.S.C. §§ 30101–30126.  Mr. Castro has not pointed to a statute or regulation indicating otherwise.

Nothing in the statement of candidacy, FEC Form 2, lends credence to Mr. Castro's belief that it plays a role in determining Mr. Trump's eligibility to run for office.  The statement of candidacy is a two-page form that an individual must file with the FEC for the purposes of designating a principal campaign committee within "15 days after becoming a candidate."  52 U.S.C. § 30102(e)(1); 11 C.F.R. § 101.1; *see, e.g.*, Donald J. Trump, FEC Form 2 (Nov. 15,

2022), https://docquery.fec.gov/cgi-bin/forms/P80001571/1661552.  A "candidate," for purposes of the FECA, is simply any "individual [who] has received contributions aggregating in excess of $5,000 or has made expenditures aggregating in excess of $5,000" or given another consent to do so on their behalf (where such person has received or made such contributions or expenditures).  52 U.S.C. § 30101(2); 11 C.F.R. § 100.3(a).  Mr. Castro has failed to meet his burden to show the Court how the Commission's handling of Mr. Trump's statement of candidacy has any bearing on Mr. Castro's alleged injury.

Second, and relatedly, Mr. Castro's alleged injury is not redressable.  Because "the Commission has no jurisdiction to reject Trump's candidacy filings," Def.'s Reply at 4, ECF No. 16, the Court has no authority to order the agency to violate the law, *see Long Term Care Pharmacy All. v. Leavitt*, 530 F. Supp. 2d 173, 185 (D.D.C. 2008) ("Plaintiffs cannot establish standing by requesting relief that the Court lacks the authority to grant[.]"); *see also Berg v. Obama*, 574 F. Supp. 2d 509, 525 (E.D. Pa. 2008) (explaining that plaintiff lacked standing because he could not "identif[y] a specific provision of the [FECA] that entitle[d]" him to relief as "[i]t seem[ed] clear that the [FECA] does not address the sort of corruption that Plaintiff allege[d]"), *aff'd*, 586 F.3d 234 (3d Cir. 2009).

Even were the Court somehow able to force the Commission to reject Mr. Trump's statement of candidacy, Mr. Castro has not shown how this would cure his alleged injury.  If the FEC cannot confer constitutional legitimacy to Mr. Trump's candidacy by accepting his statement of candidacy, the Court fails to see how rejection of the same would stop Mr. Trump from running his campaign and competing against Mr. Castro.  *See* Def.'s Opp'n to TRO and/or Prelim. Inj. at 2 ("The filing of a declaration of candidacy . . . is not a conferral by the Commission of authorization to run for office or raise campaign funds.").  Here, too, Mr. Castro

has failed to carry his burden. *See The Wilderness Soc. v. Norton*, 434 F.3d 584, 590 (D.C. Cir. 2006) ("The redressability inquiry poses a simple question: '[I]f plaintiffs secured the relief they sought, . . . would [it] redress their injury'?" (quoting *Mountain States Legal Found. v. Glickman*, 92 F.3d 1228, 1233 (D.C. Cir. 1996)).

To summarize, it is undisputed that Count I is moot. The Court dismisses Count II because Plaintiff lacks standing. Because the Court concludes that it lacks subject matter jurisdiction over this suit, it accordingly denies Plaintiff's motion for a temporary restraining order and/or a preliminary injunction.

It is hereby:

**ORDERED** that Defendant's partial motion to dismiss (ECF No. 14) is **GRANTED**; and it is

**ORDERED** that Plaintiff's motion for a temporary restraining order and/or a preliminary injunction (ECF No. 17) is **DENIED**; and it is

**ORDERED** that the Complaint is dismissed in its entirety.

**SO ORDERED**.

Dated: December 6, 2022                                          RUDOLPH CONTRERAS
                                                                 United States District Judge